**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MERLYNN ROSE,

      Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.

3:13-cv-00638-RCJ-VPC

**ORDER**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke (ECF No. 20) relating to Plaintiff's Motion for Remand (ECF No. 15) and Defendant's Cross Motion to Affirm (ECF No. 19). Defendant has filed an objection to the R&R (ECF No. 21). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party objects to the magistrate judge's recommendation, the court must "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Based on Defendant's objection, the Court has conducted a review to determine whether to adopt the R&R.

The Magistrate Judge recommended granting Plaintiff's Motion to Remand because she concluded that the Administrative Law Judge's ("ALJ") reasons for weighting the medical opinion evidence lacked the support of substantial evidence in the Administrative Record

1

("AR"). She explained that the ALJ's "analysis relied heavily upon plaintiff's use of illicit substances, and the purported extent of such use was the ALJ's principal reason for assigning weight to the various medical opinions." (R&R 11, ECF No. 20). However, the Magistrate Judge found that the AR was ambiguous as to Plaintiff's continued use of illicit substances and whether those substances contributed to Plaintiff's mental condition. (*Id.* at 12–14). Specifically, the Magistrate Judge determined that the medical evidence contained in the AR "simply [made] no suggestion, even remotely, that [Plaintiff's] symptoms owe to methamphetamine use or are heightened during purported periods of relapse." (*Id.* at 14).

The Court agrees with the R&R's description of the facts and procedural history of this case, as well as the articulation of the applicable standard of review. The Court also agrees with the Magistrate Judge that the ALJ's decision to partially discount Dr. Aisha Devera's opinion was legally sufficient. (R&R 9–10). The Court, however, respectfully disagrees with the R&R's conclusion that the ALJ's reasons for weighing the medical opinion evidence in the manner that he did was unsupported by substantial evidence. (*See id.* at 11).

The ALJ's decision to deny benefits is reversed "only if it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence has been defined as more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Moreover, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Plaintiff's objection to the ALJ's ruling rests on his weighting of the medical opinion evidence in determining Plaintiff's residual functional capacity ("RFC"). Accordingly, the dispositive issue here is whether the RFC determination was supported by substantial evidence. A claimant's RFC "is the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1). It is assessed based on "all the relevant evidence in [the claimant's] case record." *Id.* At the hearing level, the ALJ has the responsibility to access the claimant's RFC. *Id.* § 404.1546(c). To determine RFC, the ALJ considers limitations for which there is support in the case record and that does not depend on properly rejected evidence and subjective complaints. *Bayliss*, 427 F.3d at 1217.

In this case, the Court finds that the ALJ's determination of Plaintiff's RFC was supported by substantial evidence. The ALJ concluded that Plaintiff possessed the capacity to "perform simple tasks and instructions, characteristic of the unskilled occupational base (secondary to moderate mental limitations in concentration, persistence, or pace)" and that she could perform this work "with only occasional contact with supervisors, co-workers, and the public." (AR 33). The ALJ supported this conclusion with over ten pages of evidentiary support involving testimony, physical and medical records, medical opinions, and lay opinions. (*See* AR 33–45). Plaintiff focuses her objections on the weight that the ALJ afforded the various medical opinions offered in this case. Accordingly, the Court will review those opinions to determine whether the ALJ committed legal error in the weighting of the various opinions.

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216. However, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from

3

those of the treating physician, the opinion of the nontreating source may itself be substantial evidence." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  If a conflict between opinions arises, "it is then solely the province of the ALJ to resolve the conflict." *Id.*

Plaintiff's treating physician, Dr. Agapito Racoma, M.D., made a medical statement dated July 15, 2011 that Plaintiff could not sustain simple work due to issues with concentration, mood instability, recurrent depression, and severe anxiety. (AR 451).  The ALJ determined that Dr. Racoma's opinions should be afforded only minimal weight "because they were unsupported by treatment notes and the overall record." (AR 39).  Dr. Racoma's notes are limited to check lists with very minimal narrative findings and he noted no objective evidence of depression, psychosis, or suicidal/homicidal ideation. (*See* AR 452–54).  Dr. Racoma further noted that Plaintiff's medications were beneficial. (AR 454).  The medications appear to assist in stabilizing Plaintiff's condition. (*Id.*).  Further, Plaintiff's treating counselor, Dr. James T. Northrop, Ph.D., found that Plaintiff is "strong minded," has a minister's license, and "helps others," (AR 274), which the ALJ found to suggest a solid level of social function, (AR 38).

Plaintiff was psychologically evaluated by Dr. Devera, Psy.D., a consultative examiner, who determined that Plaintiff "has no impairment in her ability to understand and carry out simple one or two-step instructions." (AR 421).  Nevertheless, Dr. Devera noted that Plaintiff has a mild to moderate impairment in her ability to understand and carry out complex instructions in a normal work setting, but that she may benefit from having information repeated. (*Id.*).  Dr. Devera also stated that Plaintiff's "current mental health deficiencies are likely to prevent [her] from working at this time." (AR 422).  However, Dr. Devera noted that once Plaintiff's condition is stabilized, "she may be successful in a non-customer service oriented position." (*Id.*).  The ALJ afforded Dr. Devera's opinion moderate weight, which is clearly reflected in the RFC

4

1  finding.  The jobs for which the ALJ found Plaintiff capable were limited to simple tasks in

2  which she would have limited contact with others.

3  Plaintiff was also examined by Dr. Jack Araza, Ph.D. in Psychology, from Disability

4  Determination Services, who concluded that Plaintiff possessed the capability to understand,

5  remember and carry out simple tasks with no limitations. (AR 440).  He also found that Plaintiff

6  was not significantly limited in her ability to perform activities within a schedule, maintain

7  regular attendance, or to be punctual. (AR 438).  Likewise, Dr. Araza determined that Plaintiff

8  can sustain an ordinary routine without special supervision and has the ability to make simple

9  work-related decisions. (*Id.*).  He noted, however, that Plaintiff is moderately limited in her

10  ability to interact appropriately with the general public and in her ability to get along with

11  coworkers. (AR 439).

12  Given the varying conclusions of Dr. Racoma, Dr. Northop, Dr. Devera, and Dr. Araza,

13  the Court finds that the ALJ appropriately weighted the various medical opinions regarding

14  Plaintiff's mental capacity and ability to perform work. *Andrews*, 53 F.3d at 1041.  The common

15  theme between the opinions contained in the AR is that Plaintiff's mental condition causes her

16  difficulty in interacting with others and performing complex tasks.  Nevertheless, another

17  common theme present in the opinions is that Plaintiff, when properly treated and on medication,

18  has the capacity to perform simple tasks so long as her interactions with others, particularly the

19  general public, is limited. (*See, e.g.*, AR 274, 422, 438–40, 454).

20  Moreover, Plaintiff undisputedly has a history of cocaine, methamphetamine, and

21  marijuana abuse. (*See* AR 274, 284, 322, 416).  Plaintiff reported to Dr. Northrop that she had a

22  history of cocaine and methamphetamine dependence and that she currently uses marijuana,

23  allegedly for medical purposes. (AR 255).  Plaintiff admitted that she heavily used cocaine when

24

5

she was younger, and her use of methamphetamine continued for a period of time in her late thirties and as recently as mid-2012. (AR 67, 274, 547). Based on this evidence, the Court cannot find that a reasonable mind could not reach the ALJ's conclusion that Plaintiff's drug use caused or exacerbated her condition. At the least, as the Magistrate Judge accurately states, there is ambiguity in the record as to the duration and severity of Plaintiff's illicit drug use and its impact on her mental health. (*See* R&R 13). Ambiguity alone, however, is an insufficient reason to find that the ALJ's interpretation of the evidence was irrational. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (noting that the ALJ is responsible for resolving ambiguities).

Therefore, the Court finds that the ALJ's RFC determination was supported by substantial evidence and that the weighting of the medical opinions was warranted based on the conflicting statements in the various examiners' reports. Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED.

## CONCLUSION

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation be accepted and adopted only in part.

IT IS FURTHER ORDERED that Plaintiff's Motion for Remand (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross Motion to Affirm the ALJ's ruling (ECF No. 19) is GRANTED and final judgment should be entered accordingly.

IT IS SO ORDERED.

DATED: This 11th day of February, 2015

_____
ROBERT C. JONES
United States District Judge